# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| JAMES GLASS, ) | |
| ) | |
|        Petitioner, ) | |
| v. ) | No. 1:06-cv-0093-SEB-VSS |
| ) | |
| FEDERAL BUREAU OF INVESTIGATION, ) | |
| ANDREW S. NORTHERN, Chief Investigator, ) | |
| ) | |
|       Respondents. ) | |

### Entry Discussing Petition for Writ of Mandamus

Petitioner Glass seeks a writ of mandamus to compel the Federal Bureau of Investigation and its Chief Investigator in Indianapolis to free Glass from what Glass characterizes as his involuntary servitude at an Indiana prison, which he states is the result of his being kidnapped by the Indiana Department of Correction. An exhibit to his mandamus petition shows that the custody which he contends is illegal is the result of his conviction in an Indiana state court in a proceeding identified as No. CR 87-122F, wherein he was sentenced to imprisonment for a period of 40 years by the Marion County Superior Court, Criminal Division, on June 9, 1988, following his conviction for murder.

Mr. Glass has misidentified the form of the action by which he could obtain the relief (release) he seeks. See *Heck v. Humphrey,* 512 U.S. 477, 481, 114 S. Ct. 2364 (1994) ("habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release"). He knows this from prior litigation, some of which has been quite recent.

The mandamus action must be dismisssed, because as a civil action it cannot be used to secure his release from detention, *Glaus v. Anderson,* 408 F.3d 382 (7th Cir. 2005); *Pischke v. Litscher,* 178 F.3d 497, 500 (7th Cir. 1999) (holding that habeas is the proper vehicle for presenting a claim "if but only if the prisoner is seeking to 'get out' of custody in a meaningful sense.")

Because the petitioner has alleged facts showing that he has no claim--"by going beyond the bare minimum, a plaintiff may plead h[im]self out of court," *Warzon v. Drew,* 60 F.3d 1234, 1239 (7th Cir. 1995)–the present lawsuit must be dismissed pursuant to 28 U.S.C. § 1915A(b). The dismissal shall be without prejudice. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED**.

Date: 01/23/2006

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana